

**Jeffrey M. Scott**
jscott@archerlaw.com
215-279-9692 Direct
215-963-9999 Direct Fax

Archer & Greiner, P.C.
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA 19103-2739
215-963-3300 Main
215-963-9999 Fax
www.archerlaw.com

October 15, 2024

**VIA ECF**

The Honorable Mitchell S. Goldberg, Chief, U.S.D.C.
United States District Court
Room 17614, U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

      Re:      *Elizalde v. The School District of Philadelphia*
                  Civil Action No. 24-4494
                  Request for Pre-Motion Conference

Dear Judge Goldberg:

The School District of Philadelphia ("District") submits this pre-motion letter pursuant to the Court's Policies and Procedures to request a pre-motion conference and outline the basis of its anticipated motion to dismiss. Without question, the senseless killing of Nicolas Elizalde was a heinous and unfathomable act.[1] However, the Fourteenth Amendment does not impose a duty on the District to protect members of the public from private violence. For that reason, and those set forth below, Plaintiff's Complaint fails to state a claim as a matter of law.

### Plaintiff's Factual Allegations

The Complaint, in essence, alleges a failure on the part of the District to predict, detect and prevent crime following an interscholastic football scrimmage. Dkt. No. 1 ("Compl."), ¶¶13, 21, 104, 116, 127, 128, 138, 139, 150, 156, 157, 161, 168, 170 (a)-(b), 170 (c)-(i), 172. Plaintiff alleges that Nicolas was an innocent bystander who was struck by crossfire and not a target of the shooting. *Id.* ¶¶18-19. Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988. Federal law, which is the sole basis of the claim against the District, does not provide a remedy under the Civil Rights Act.

---

[1] On September 26, 2024, it was reported that Zyheid Jones pled guilty to killing Nicolas. Five additional suspects have been identified. Because this is a Philadelphia Police Department criminal investigation, the District does not have detailed information regarding the underlying criminal acts which caused Nicholas' death.

The Honorable Mitchell S. Goldberg, Chief, U.S.D.C.
Page 2

### Count I - 42 U.S.C. §1983
### Municipal Liability

Count I alleges "Defendant's conduct "pursuant to polices and customs set forth above, acting under color of state law, was recklessly, willfully, and deliberately indifferent to the health, safety, well-being and constitutional rights of Plaintiff's Decedent, Nicolas Elizalde, and was committed in conscious and deliberate disregard of the substantial and/or unjustifiable risk of causing harm to members of the public and to Plaintiffs' Decedent." Compl., ¶167. This municipal liability claim is brought under the Due Process Clause of the Fourteenth Amendment. There is a good faith basis to seek dismissal of Count I.

Any municipal liability claim must be predicated on an actual Constitutional violation. The Supreme Court directs its lower courts to analyze two separate questions when addressing the viability of a municipal liability claim, "(1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city is responsible for that violation." *Collins v. City of Harker Heights, Texas.*, 503 U.S. 115, 120 (1992). The allegations in the Complaint fail to assert a constitutional violation.

There is no cause of action under the Due Process Clause for failing to protect members of the public from private violence. *Bright v. Westmoreland County*, 443 F.3d 276, 284 (3d Cir. 2006) (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989)). "The [Due Process] Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property without 'due process of law,' but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means. Nor does history support such an expansive reading of the constitutional text." *Collins v. City of Harker Heights, Texas.*, 503 U.S. 115, 126-27 (1992) (citing *DeShaney*, 489 U.S. at 195). "[T]he Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive an individual." *DeShaney*, 489 U.S. at 196.

Stripping out the legal conclusions from the Complaint, the Complaint seeks to impose a constitutional duty on the District that does not exist. Any such an attempt to expand the Due Process Clause must be rejected because the Due Process Clause "does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society." *Daniels v. Williams,* 474 U.S. 327, 332 (1986); *Cnty. of Sacramento v. Lewis,* 523 U.S. 833, 848 (1998) (citing *Paul v. Davis,* 424 U.S. 693, 701 (1976) ("Fourteenth Amendment is not a 'font of tort law to be superimposed upon whatever systems may already be administered by the States"). Thus, the District believes that it has a good faith basis to seek dismissal of Plaintiff's claim brought under 42 U.S.C. §1983.

### 42 U.S.C. §§ 1985 and 1986

The Complaint also mentions claims under Sections 1985 and 1986. Compl., ¶1. "[T]o state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege (1) a conspiracy; (2) motivated

The Honorable Mitchell S. Goldberg, Chief, U.S.D.C.
Page 3

by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Rose v. Dopkin,* No. 19-CV-2483, 2019 WL 4059007, at *4 (E.D. Pa. Aug. 28, 2019) (citing *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997) and *Farber v. City of Paterson*, 440 F.3d 131, 136 (3d Cir. 2006)).  The Complaint fails to allege any facts which gives rise to a conspiracy claim under 42 U.S.C. § 1985.  Because the Complaint fails to allege a cause of action under Section 1985, no cause of action exists under Section 1986. *Rose*, 2019 WL 4059007, at *4 (citing *Clark v. Carbaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994)).

      For these reasons, the District requests a pre-motion conference in accordance with the Court's policies and procedures.

      As always, the undersigned is available at the Court's convenience.

Respectfully submitted,

JEFFREY M. SCOTT

cc:   All counsel of record (via ECF)

229532523 v1