**KLINE & SPECTER PC**
ATTORNEYS AT LAW
1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102
WWW.KLINESPECTER.COM

KIMBERLY M. COLLINS  —————  KIMBERLY.COLLINS@KLINESPECTER.COM

(215) 772-1000
DIRECT DIAL: (215) 792-5572
FAX: (215) 792-5588

October 22, 2024

<u>Via Electronic Court Filing</u>
The Honorable Mitchell S. Goldberg, Chief Judge
United States District Court
Eastern District of Pennsylvania
United States Courthouse, Room 17614,
601 Market Street
Philadelphia, PA 19106

  RE: *Elizalde v. The School District of Philadelphia*, Case 2:24-cv-04494
    Plaintiff's Response to the School District of Philadelphia's Pre-Motion Letter

Dear Judge Goldberg:

  On September 27, 2022, Nicolas Elizalde, was shot and killed following a scrimmage he participated in as a member of the Roxborough High School junior varsity football team. The event was organized and opened to the public by the School District of Philadelphia, pursuant to policies identified in the Complaint. The School District was well aware of threats of gun violence at District-sponsored public athletic events. Indeed, the School District was aware of recent gun violence at three football games organized by the School District, one of which occurred four days prior to the incident at issue in this case. Despite this knowledge, the School District affirmatively organized and produced this large-scale public event pursuant to policies that did not provide for security or coordination with law enforcement. Among the members of the public who attended the event was the intended target of the shooting. Mr. Elizalde was shot and killed in the crossfire. Meredith Elizalde now has filed this action under 42 U.S.C. § 1983 in her own right as Mr. Elizalde's mother and as administratrix of her son's estate against the School District of Philadelphia.

  The School District recently has advised the Court of its position that Plaintiff's Complaint should be dismissed under Rule 12(b)(6) because it fails to state a cognizable claim for relief under Section 1983. The School District is wrong. Plaintiff's Complaint is not susceptible to dismissal on threshold grounds because the allegations establish a prima-facie violation of Mr. Elizalde's Fourteenth Amendment Due Process rights to life and his liberty interest in bodily integrity under the rubric of state-created danger, as developed in such cases as *L.R. v. Sch. Dist. of Philadelphia*,

The Honorable Mitchell S. Goldberg, Chief Judge
October 22, 2024
Page 2

836 F.3d 235 (3d Cir. 2016), and *Mears v. Connolly*, 24 F. 4th 880 (3d Cir. 2022). The Complaint identifies the official policies of the School District under which the School District organized and produced the above-described football scrimmage that implicates the School District's direct responsibility under the framework of *Monell v. Dept. of Soc. Services of City of New York*, 436 U.S. 658 (1978).

Plaintiff recognizes that the Complaint contains references to 42 U.S.C. §§ 1985 and 1986. Plaintiff will not pursue claims under those statutes and intends only to proceed with her claim under Section 1983.

The School District requests a pre-motion conference prior to filing a motion to dismiss. It is not apparent what utility such a conference would serve. The School District has staked out an unfounded position. Plaintiff will not voluntarily withdraw any aspect of its well-grounded Complaint. Plaintiff respectfully suggests that the Court direct the School District to respond to the Complaint as it sees fit, and that the Court otherwise allow the case to move forward consistent with the Rules of Civil Procedure.

Respectfully,

KLINE & SPECTER, PC

/s/ *Kimberly M. Collins*
THOMAS R. KLINE, ESQUIRE
AARON L. DUNBAR, ESQUIRE
KIMBERLY M. COLLINS, ESQUIRE
WYATT J. LARKIN, ESQUIRE
***Attorneys for Plaintiff***

cc:  Jeffrey M. Scott, Esq.